# 97 DTA 103

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL SAN JUAN**

COMISIONADO DE SEGUROS DE PUERTO RICO
Recurrida

v.

ANTILLES INSURANCE COMPANY
Recurrente

Núm. KLAA-96-00287

San Juan, Puerto Rico, a 30 de abril de 1997

Panel integrado por su Presidenta, Jueza Ramos Buonomo
y los Jueces González Román y Córdova Arone

González Román, Juez Ponente

**TEXTO COMPLETO DE LA SENTENCIA**

El presente recurso de revisión nos es referido del Tribunal de Primera Instancia en cumplimiento con las disposiciones del Artículo 9.004 de la Ley Número 248 de 25 de diciembre de 1995, que ordena a la secretaría de este tribunal que todo recurso de revisión de decisiones de agencias administrativas que esté pendiente sea referido para ulterior trámite y resolución al Tribunal de Circuito de Apelaciones.

# I

Mediante el mismo se solicita la revisión de una resolución dictada el 10 de diciembre de 1995 por el Comisionado de Seguros en el caso de *José Martínez Vargas v. Antilles Ins. Company, General Motors Acceptance Corp. y Nationwide Ins. Company,* sobre querella presentada por José Martínez Vargas que ordenó a los querellados Antilles Insurance Company y Nationwide Insurance Company reembolsar al querellante ciertas primas como resultado de la notificación de la adquisición de una póliza de interés doble habiendo una póliza de intéres sencillo ya comprada.

El Comisionado interpreta las normas vigentes de su oficina referentes a la notificación que un asegurador de interés dual viene obligado a dar a un financiador de un automóvil y al asegurador del balance adeudado (asegurador de interés simple) sobre la existencia de la póliza de interés dual. Interpreta,además, la norma sobre la obligación del asegurador de interés simple de cancelar dicho seguro, en forma retroactiva, una vez notificado de la existencia del seguro de interés dual.

El 29 de noviembre de 1985 el Sr. José Martínez Vargas, (señor Martínez), compró un automóvil al concesionario Losada Auto, Inc., (el Vendedor), mediante un contrato de venta condicional pagadero en cuatro (4) años. El vendedor cedió, mediante endoso, el contrato de venta condicional a General Motor Acceptance Corporation, (la Financiera). En el contrato se incluyó una póliza de seguro de interés simple a favor del Vendedor y de la Financiera otorgada por Antilles Insurance Company (el Asegurador de Interés Simple). Esta póliza está dirigida a proteger el interés de la Financiera.

El mismo día que adquirió el seguro de interés simple el señor Martínez adquirió, además, un seguro de interés dual renovable anualmente para el mismo automóvil comprado. El asegurador que emitió el seguro de interés dual fue la Nationwide Mutual Insurance Company, (el Asegurador de Intéres Dual). La póliza de interés dual garantiza el pago del balance de la deuda insoluta con la entidad financiera del vehículo y el pago de cualquier daño que sufra el vehículo asegurado en beneficio del dueño o comprador.

Los días 16 de diciembre de 1985, así como el 24 de febrero de 1986 y el 17 de diciembre de 1986, representantes autorizados del Asegurador de Intéres Dual suscribieron unas hojas de declaraciones donde se reseña el número de la póliza, período de vigencia, asegurado nombrado, productor, detalle de primas, información del vehículo asegurado, lista de cubiertas junto a sus límites, datos personales del asegurado nombrado, nombre y dirección de la Financiera y del Vendedor y las formas y endosos que contiene la póliza.

El 7 de febrero de 1989 el señor Martínez liquidó el balance adeudado con la Financiera. Días más tarde solicitó la devolución de la prima no devengada retroactivo a la fecha de incepción del certificado de seguro de interés simple. El 24 de febrero de 1989, Anglo Puerto Rican Insurance Corporation, Agente General del Asegurador de Interés Simple, remitió al señor Martínez un cheque por la cantidad de ochenta y seis ($86) dólares. Conforme a la carta que lo acompañaba, dicha cuantía correspondía a la cancelación del seguro de interés simple, el cual no era retroactivo, a la fecha de incepción de la póliza.

El día 12 de abril de 1989, el señor Martínez presentó querella contra el Asegurador de Interés Simple y contra la Financiera, en la cual alegó que adquirió una póliza de intéres dual *("full cover")* renovable anualmente, la cual mantuvo en vigor durante todo el período de financiamiento del automóvil con la Financiera. Alegó, además, que tanto la Financiera como el Vendedor recibieron, durante todos los años del financiamiento, copia de las declaraciones de la póliza de interés dual y que, al querer gestionar la devolución de la prima del seguro de interés simple, tanto la Financiera como el Vendedor se negaron a devolver la misma amparándose en una carta fechada 27 de marzo de 1989.

El 19 de julio de 1989 el Asegurador de Interés Simple compareció señalando que el Asegurador de Intéres Dual debió haberle enviado al Vendedor, su asegurado nombrado, cuatro cartas notificándole sobre la existencia del seguro de interés dual, en o antes del 29 de diciembre de los años 1985, 1986, 1987 y 1988, por razón de que las pólizas de interés dual fueron emitidas por éste por términos anuales. Alegó, además, que el Sr. Martínez no presentó evidencia de haberle enviado ·

notificaciones a tales efectos, ni tampoco a la Financiera, por lo que el Asegurador de Intéres Simple estuvo expuesto a riesgo y, por lo tanto, no puede cancelar con fecha retroactiva y devolver la prima.

El 6 de noviembre de 1989 el Asegurador de Interés Dual compareció y alegó que desde que se expidió la referida póliza ésta fue endosada a favor de la Financiera, y se continuó endosando a su favor hasta el año 1989 cuando finalizó el contrato de arrendamiento financiero.

El Vendedor compareció mediante carta el 21 de marzo de 1990 y alegó que mantiene los récords de los seguros que cubren los vehículos que venden, financiados con recurso por la Financiera, mientras los contratos de venta al por menor a plazos se encuentren en vigor y que, debido al tiempo transcurrido, no poseía evidencia de haber recibido correspondencia sobre cambios en el tipo de cubierta (póliza) con relación a este caso.

Luego de la investigación de rigor, el 23 de septiembre de 1991, el Jefe de la División de Querellas de la Oficina del Comisionado de Seguros emitió un informe de investigación en el cual concluyó que el Asegurador de Interés Simple venía obligado a devolverle al Sr. Martínez las primas no devengadas del seguro de interés dual con sus intereses legales a partir del 4 de diciembre de 1989.

El 5 de noviembre de 1991 el Asegurador de Interés Simple solicitó reconsideración. La División de Querellas señaló una vista administrativa para febrero de 1992. De los planteamientos de las partes durante la celebración de la vista administrativa, así como del expediente administrativo, surge que el día 10 de diciembre de 1995 el Comisionado de Seguros de Puerto Rico emitió una resolución ordenando que:

*"a) El Asegurador de Interés Simple, Antilles Insurance Company, debía devolver al Sr. José Martínez Vargas las primas correspondientes a los años 1985 y 1986, cuando cumpliendo con la Carta Circular vigente se le notificó a la financiadora de la existencia de una póliza de interés dual.*

*El Asegurador del Interés Dual, Nationwide Insurance Company, viene obligado a reembolsar al asegurado la porción de la prima que le cobró para cubrir el interés del Financiador y que ya estaba cubierta por la póliza de interés sencillo correspondiente a los años 1987 y 1988, ya que, estando vigente para esa fecha el endoso, debió notificar tanto a la Financiadora como al Asegurador de Interés Simple y no lo hizo."*

## II

De esta resolución recurre el Asegurador de Interés Simple, Antilles Insurance Company y alega que:

*"... Erró el Comisionado recurrido al establecer que la hoja de declaraciones de la póliza de seguro de interés dual con Nationwide constituye una notificación adecuada a GMAC sobre la existencia de dicho seguro, según requerido por el endoso CA-2603 de la póliza de interés simple con Antilles.*

*2. Erró el Comisionado recurrido al establecer que la hoja de declaraciones de la póliza de seguro de interés dual con Nationwide constituye una notificación adecuada a Antilles Insurance Company sobre la existencia de dicho seguro, según requerido por el endoso CA-2603 de la póliza de interés simple con Antilles.*

*3. Erró el Comisionado al ordenarle a Antilles que devuelva la prima correspondiente a los primeros dos años de cubierta."*

El Comisionado resolvió, en su resolución del 13 de diciembre de 1995, que la hoja de declaraciones es una notificación adecuada para cumplir con los requisitos del Endoso CA-1151 y su sucesor CA-2603 en tanto en cuanto contiene los datos que son necesarios para que el financiador y el asegurador de interés simple tomen conocimiento adecuado de los detalles de la *"póliza de interés dual"*. Concurrimos con el Comisionado. Los endosos y las Cartas Normativas citadas no establecen ningún requisito particular sobre la forma de llevar a cabo la notificación al Asegurador de Interés Simple y a la institución financiera. El propósito de la notificación de la adquisición de una póliza de

interés dual es advertir al Asegurador de Interés Simple de su obligación de cancelar la cubierta de interés simple. Para cumplir con este propósito un Asegurador de Interés Simple debería contar, al menos, con información suficiente para identificar al asegurado, el automóvil objeto de la póliza, y el tipo de póliza. La hoja de declaración, información que el Asegurador de Interés Dual envió al Asegurador de Interés Simple incluye el número de póliza de interés dual, período de vigencia, asegurado nombrado, productor, primas a devengarse, datos sobre el vehículo, datos sobre el asegurado, etc. Estos datos son suficientes para advertir al Asegurador de Interés Simple sobre la adquisición, por parte del asegurado, de una cubierta de Interés Dual sobre el automóvil objeto de la cubierta de interés simple, de manera que proceda a cancelar la cubierta de interés simple.

No incidió el Comisionado al concluir que la hoja de declaraciones de la póliza de seguro de interés dual con Nationwide. constituye una notificación adecuada a GMAC y a Antilles Insurance Company sobre la existencia de dicho seguro.

### III

El 1ro. de junio de 1975 la Oficina del Comisionado de Seguros de Puerto Rico aprobó el programa conocido como *"Revised Single Interest Automobile Physical Damage Insurance Program"* implantado por la Insurance Service Office, Inc. (ISO) para evitar la concurrencia de los seguros de interés simple y de interés dual. A partir de la fecha de aprobación de esta medida, toda póliza de interés simple vendida en Puerto Rico debía incluir el endoso CA-1151 ▮ que dispone la cancelación de la cubierta de interés sencillo desde la fecha en que fue efectiva la cubierta de interés dual adquirida por el comprador, cuya protección se extiende al interés del banco o compañía financiera. La cancelación tendrá efecto (1) desde que el banco fuere notificado de la existencia de la póliza de cubierta de interés dual o (2) desde que la póliza de interés dual haya satisfecho el interés del banco como resultado de una pérdida en aquellos casos en que el banco no es notificado de la cubierta de interés dual antes de la pérdida. Dispone, además, que una vez alguna de estas condiciones es satisfecha, la cubierta de interés simple es cancelada retroactivamente a la fecha en que fue efectiva la póliza de interés dual. [Traducción nuestra].

Con respecto a este mismo endoso, el 12 de diciembre de 1980 se emitió la Carta Circular AM-I-12-826-80, la cual estableció el término de treinta (30) días a partir de la fecha de efectividad de la póliza de interés dual como el término dentro del cual se dará conocimiento al asegurador de interés simple o al financiador del automóvil de la existencia de la póliza de interés dual a fin de que éste cancele la póliza de interés simple retroactivo a la fecha de adquisición de la póliza de interés dual.

A partir del 1ro. de enero de 1987 el Endoso CA-1151 fue sustituido por el Endoso CA-2603. A tales efectos fue emitida la Carta Normativa Núm. N-CA-11-09-87 de 4 de febrero de 1988, la cual advierte que el nuevo endoso requiere notificación tanto a la institución financiera como al asegurador de interés simple no más tarde de treinta (30) días a partir de la fecha de efectividad de la póliza de interés dual.

La póliza de interés dual adquirida por el señor Martínez era renovable anualmente por lo que el Asegurador de Interés Dual venía obligado a notificar la emisión de la póliza no más tarde de diciembre de 1985, 1986, 1987 y 1988. Las notificaciones correspondientes a los años 1985 y 1986 debieron ser notificadas al asegurador de interés simple o al financiador del automóvil. De las determinaciones de hechos en la resolución del Comisionado, fechada 13 de diciembre de 1991, surge que los días 16 de diciembre de 1985, 24 de febrero de 1986 y 17 de diciembre de 1986 representantes autorizados del Asegurador de Interés Dual notificaron a la Financiadora la existencia de una póliza de interés dual. Las notificaciones que debieron cursarse al Asegurador de Interés Simple para 1987 y 1988, según las determinaciones de hechos del Comisionado, no se efectuaron.

Concurrimos con el Comisionado al determinar que el Asegurador de Interés Doble, Nationwide Mutual Insurance Company, incumplió con el Endoso CA-2603 y con la Carta Normativa [Núm. N-CA-11-09-87 del 4 de febrero de 1988, al no notificar a la institución financiera ni al Asegurador de Intéres Simple, Antilles Insurance Company, la fecha de efectividad del seguro de interés dual para los años 1987 y 1988, conforme a las disposiciones aplicables, durante el tiempo en que estaban vigentes los endosos citados. Así, también, concurrimos con la determinación del Comisionado en cuanto a que el Asegurador de Interés Simple sí estuvo debidamente notificado de la existencia del

interés doble. En tal caso, el Asegurador de Interés Simple no viene obligado a devolver las primas correspondientes a los años 1987 y 1988, pero sí viene obligado a devolver las primas correspondientes a los años 1985 y 1986.

Por los fundamentos antes expuestos, procede la expedición del auto solicitado y se confirma la resolución recurrida.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIO 97 DTA 103

**1.** *"This mandatory endorsement, which must be attached to all Puerto Rico Single Interest policies, effects cancellation of single interest coverages as of the effective date of any dual interest coverage which is purchased by a retail purchaser and which protects the bank's or finance company's interest in a financed automobile. The cancellation of coverages is predicated (1) upon the bank's being notified of the dual interest coverage and the amendment of the policy to protect the bank's interest or (2) upon the dual interest policy's satisfaction of the bank's interest as a result of a loss in those cases where the bank receives no notification of such dual interest coverages prior to a loss.*

*Once either one of these conditions is satisfied, the single interest coverages are cancelled retroactively to the effective date of such dual interest coverages and a pro rata return is made."*